UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **MALCOM LYNN JENKINS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:12-cv-00612 |
| | ) | **Judge Campbell** |
| **ROLAND COLSON,** | ) | |
| | ) | |
| Respondent. | ) | |

# <u>M E M O R A N D U M</u>

The court has before it a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket No. 1). The petitioner, proceeding *pro se* and *in forma pauperis*, is an inmate at the Riverbend Maximum Security Institution in Nashville, Tennessee.

**I.  Introduction**

According to the petitioner, on an unspecified date, he pled guilty to capital murder in the Criminal Court for Davidson County, Tennessee, Division III. On June 23, 2005, the petitioner was sentenced to life without the possibility of parole. (Docket No. 1 at p. 1).

The record does not indicate that the petitioner sought a direct appeal of his conviction or sentence. Nor does the record indicate that the petitioner sought state post-conviction relief. The petitioner's federal *habeas corpus* petition was filed on June 14, 2012, in the United States District Court for the Middle District of Tennessee. (Docket No. 1).

**II.  Standard for Preliminary Review of Section 2254 Cases**

Under Rule 4, Rules – Section 2254 Cases, the Court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition,

it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id.*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

### III. Preliminary Review of Petition

In this case, the court's preliminary review under Rule 4, Rules – Section 2254 Cases reveals at least two potential deficiencies with the petitioner's § 2254 petition: untimeliness and failure to exhaust state court remedies.

#### A. Timeliness

The record before the court shows that the date on which the petitioner's judgment became

final by conclusion of direct review was July 24, 2005,[1] the conclusion of the thirty (30) day period within which the petitioner had to file a direct appeal under Tennessee law. *See* Tenn. R. App. P. 4(a). The petitioner apparently did not seek state post-conviction relief; thus, the AEDPA's one-year limitations period was not tolled by "a properly filed application for State post-conviction or other collateral review." Thus, the petitioner had until July 23, 2006, to file his petition for *habeas corpus* relief.

The movant's instant petition was signed June 12, 2012, and received by the court on June 14, 2012. (Docket No. 1). From the record before the court, it is apparent that the petitioner filed his petition for relief under § 2254 **nearly six (6) years** beyond the AEDPA's one-year limitations period. In other words, the petition is untimely.

The court has the authority to *sua sponte* raise the statute of limitations and dismiss untimely motions for federal *habeas corpus* relief. *See Day v. McDounough*, 547 U.S. 198, 209 (2006). Accordingly, the court will grant the petitioner thirty (30) days to show cause why his petition should not be dismissed as time-barred.

**B. Exhaustion of State Court Remedies**

The law is well established that a petition for federal *habeas corpus* relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Cohen v. Tate*, 779 F.2d 1181, 1184 (6th Cir. 1985). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). This means that, as

---

[1] *See Fed. R. Civ. P.* 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, June 23, 2005, is excluded).

3

a condition precedent to seeking federal relief, a petitioner's claims must have been fairly presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).

The burden of showing compliance with the exhaustion requirement rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)(overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)); *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987). Here, the petitioner has not established that he has exhausted his claims in state courts, or that he has taken any steps to reconcile his complaints prior to filing this petition. Given the absence of a claim that state court remedies are futile or unavailable, it appears that the petitioner has failed to exhaust his state court remedies prior to filing this action. Where, as here, a *habeas corpus* petitioner fails to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. *Rose v. Lundy*, 455 U.S. at 522.

Acknowledging that the prisoner is proceeding *pro se*, the court will grant the petitioner thirty (30) days to show cause why his petition should not be dismissed on alternate grounds for failure to exhaust his state court remedies.

**V.    Conclusion**

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, it appears that the petition should be dismissed as untimely and for failure to exhaust state court remedies. However, the petitioner will be given thirty (30) days to show cause why his petition should not be dismissed for those reasons.

4

An appropriate order will be entered.

_____
Todd J. Campbell
United States District Judge